UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **RICHARD B. LAY** | **CIVIL ACTION NO. 11-620-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **DR. FULLER, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

Richard B. Lay ("Plaintiff") is incarcerated at the David Wade Correctional Center in Homer, Louisiana. He filed a civil rights complaint against Dr. Fuller, Jerry Goodwin, Lonnie Nail, William Kline, Mark Hunter, James LeBlanc, Assistant Warden Arnold, Col. Benson, Robert Tanner, Jerry Primes, and Howard Prince.

Plaintiff filed an order to show cause, a motion for a preliminary injunction, and a motion for a temporary restraining order (Doc. 10). He asks that the Court enjoin the defendants from refusing to provide him with additional indigent paper, pens, and envelopes that he needs to draft and file pleadings in his legal proceedings, to notify state and federal agencies of the conditions of his confinement, and to write personal letters. He also asks that the Court enjoin the defendants from removing him from beyond the jurisdiction of this Court.

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

(b) A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified compliant that

>immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party's attorney can be heard in opposition...

In order for Plaintiff to obtain a preliminary injunction, he would have to show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury absent an injunction, (3) that the threatened injury would exceed any harm that would flow from the injunction and (4) that the injunction would not undermine the public interest. Walgreen Co. v. Hood, 275 F.3d 475, 477 (5th Cir. 2001). Plaintiff must prove all four elements and any failure to prove any one element will result in the denial of the motion. Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana, 762 F.2d 464, 472 (5th Cir.1985).

The allegations in this complaint do not present a substantial threat of irreparable injury absent a restraining order or injunction. The claims are typical prison complaints and are capable of ready resolution through the ordinary litigation process. The claims alleged (if proved) are capable of adequate redress by an award of monetary damages and, if warranted, a post-judgment injunction.

The allegations in this motion also do not present a substantial likelihood of success on the merits. Plaintiff has not exhausted his administrative remedies regarding these claims prior to filing this complaint on April 15, 2011. Therefore, the issuance of such extraordinary relief is not appropriate at this time.

Accordingly;

**IT IS RECOMMENDED** that the order to show cause, a motion for a preliminary injunction, and a motion for a temporary restraining order (Doc. 10) be **DENIED.**

## OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 26 day of January, 2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE