UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **RICHARD B. LAY** | **CIVIL ACTION NO. 11-620-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **DR. FULLER, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

Richard B. Lay ("Plaintiff") is incarcerated at the David Wade Correctional Center in Homer, Louisiana. He filed a civil rights complaint against Dr. Fuller, Jerry Goodwin, Lonnie Nail, William Kline, Mark Hunter, James LeBlanc, Assistant Warden Arnold, Col. Benson, Robert Tanner, Jerry Primes, and Howard Prince.

Plaintiff filed an "Ex Parte Request for Help"(Doc. 15) that this Court interprets to be a motion for preliminary injunction and/or temporary restraining order. He claims he has been placed in a cell with a young violent offender. He claims this inmate has attacked previous cell mates and other prisoners. He also claims this inmate is a sex offender who constantly masturbates in the cell. Plaintiff claims he fears for his safety while housed with this inmate.

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b) A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified compliant that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party's attorney can be heard in opposition...

In order for Plaintiff to obtain a preliminary injunction, he would have to show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury absent an injunction, (3) that the threatened injury would exceed any harm that would flow from the injunction and (4) that the injunction would not undermine the public interest. Walgreen Co. v. Hood, 275 F.3d 475, 477 (5th Cir. 2001). Plaintiff must prove all four elements and any failure to prove any one element will result in the denial of the motion. Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana, 762 F.2d 464, 472 (5th Cir.1985).

The allegations in this complaint do not present a substantial threat of irreparable injury absent a restraining order or injunction. The claims are typical prison complaints and are capable of ready resolution through the ordinary litigation process. The claims alleged (if proved) are capable of adequate redress by an award of monetary damages and, if warranted, a post-judgment injunction. Plaintiff does not allege that this inmate has attacked or threatened him. The issuance of such extraordinary relief is not appropriate at this time. Furthermore, Plaintiff provides an exhibit which shows that he is no longer housed in a cell with this inmate [Doc. 20-1, p. 3].

Accordingly;

**IT IS RECOMMENDED** that the "Ex Parte Request for Help"(Doc. 15) be **DENIED.**

### OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 26 day of January, 2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE