UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **RICHARD B. LAY** | **CIVIL ACTION NO. 11-620-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **DR. FULLER, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

Richard B. Lay ("Plaintiff") is incarcerated at the David Wade Correctional Center in Homer, Louisiana. He filed a civil rights complaint against Dr. Fuller, Jerry Goodwin, Lonnie Nail, William Kline, Mark Hunter, James LeBlanc, Assistant Warden Arnold, Col. Benson, Robert Tanner, Jerry Primes, and Howard Prince.

**Temporary Restraining Order and Preliminary Injunction**

Plaintiff filed a motion for a temporary restraining order and a preliminary injunction (Doc. 14). He asks that the Court enjoin the defendants from depriving him of the medication that was prescribed for him prior to his arrival at David Wade Correctional Center on March 28, 2011. In support of his motion, he claims the denial of the medication had caused him to suffer pain and discomfort. He also claims the denial of the medication has increased his risk of stroke, heart attack, and/or death. Specifically, he claims he has been denied omega-3 fish oil to lower his triglycerides and potassium pursuant to the orders of Dr. Fuller without medical justification. He claims the defendants failed to examine and

perform blood tests to determine his need for these medications. Plaintiff further claims his denial of medical treatment is racially based.

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b) A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified compliant that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party's attorney can be heard in opposition...

In order for Plaintiff to obtain a preliminary injunction, he would have to show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury absent an injunction, (3) that the threatened injury would exceed any harm that would flow from the injunction, and (4) that the injunction would not undermine the public interest. Walgreen Co. v. Hood, 275 F.3d 475, 477 (5th Cir. 2001). Plaintiff must prove all four elements and any failure to prove any one element will result in the denial of the motion. Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana, 762 F.2d 464, 472 (5th Cir.1985).

The allegations in this complaint do not present a substantial threat of irreparable injury absent a restraining order or injunction. The claims are typical prison complaints that are capable of ready resolution through the ordinary litigation process that has now commenced. The claims alleged (if proved) are capable of adequate redress by an award of monetary damages and, if warranted, a post-judgment injunction.

The allegations in this motion also do not present a substantial likelihood of success on the merits. Plaintiff has been seen by the medical staff at David Wade Correctional Center, and he simply disagrees with the treatment he is receiving. Plaintiff admits in his complaint that on April 1, 2011 he saw Dr. Fuller. Plaintiff provides this Court with health care request forms in which he made a routine sick call on August 13, 2011, requested and received medical access on August 15, 2011, August 21, 2011, August 22, 2011, September 1, 2011, September 8, 2011, September 9, 2011, and September 28, 2011 (Doc. 21-1, pp. 1-8). Furthermore, Plaintiff provides nothing but a conclusory allegation that his denial of medical treatment is based on racial reasons. The issuance of such extraordinary relief is not appropriate at this time.

Accordingly;

**IT IS RECOMMENDED** that the motion for temporary restraining order and preliminary injunction (Doc. 14) be **DENIED.**

**Transfer**

In the alternative, Plaintiff seeks to be transferred to a facility that will provide him with adequate medical treatment. The United States Supreme Court has held that it is for state prison authorities to decide where a state prisoner is to be incarcerated, and that a prisoner has no right to challenge his place of incarceration. See Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Under Olim and Meachum, this Court has no authority to order the State to transfer Plaintiff to another prison.

Accordingly;

**IT IS ORDERED** that Plaintiff's motion to be transferred (Doc. 21) be **DENIED**.

## OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 26 day of January, 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE